IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JOSE L. TARAZON | § § | |
| Plaintiff, | § § | |
| v. | § | 7:18-CV-000600 |
| LTD FINANCIAL SERVICES, L.P, *et al.* | § § § | |
| Defendants. | § § | |

**DEFENDANT LTD FINANCIAL SERVICES, LP'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT &
SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant LTD Financial Services, L.P. ("LTD") hereby moves for dismissal for Plaintiff, Jose Tarazon's failure to state a claim which relieve can be granted.

## I. SUMMARY

Plaintiff's Amended Complaint fails to modify, revise or rectify the issues addressed in LTD's Motion to Dismiss. Instead, plaintiff made a few inconsequential changes and still relies upon the substance of his poorly drafted Complaint. Plaintiff still ignores the totality of the statements in correspondence sent to him to collect on an outstanding balance and instead extracts a single sentence from a paragraph to allege LTD has mislead plaintiff as to the time barred nature and legal enforceability of his account in violation of the Fair Debt Collection Practices Act ("FDCPA") and the Texas Debt Collection Act ("TDCA").

Plaintiff rests its entire claim on the following sentence:

"Because of the age of your debt, we will not sue you for it"

1

Plaintiff alleges the above sentence is misleading because it: (i) does not state the account was time-barred or prohibited by the applicable statute of limitations; (ii) gives the "false impression" that LTD has voluntarily chosen not to sue, instead of stating that it cannot sue; and (iii) "falsely implies" that the current creditor might sue. Whether, the above language, in and of itself is misleading is irrelevant because there is no doubt, when read in the context of the paragraph it was ripped out of that LTD adequately informed the least sophisticated consumer of the time barred nature of the debt. The entire paragraph states:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. The right to sue you to make you pay the debt may start again if you make a partial payment on the debt, admit to owing the debt or promise to the pay the debt. Acceptance of this settlement offer, selecting a repayment option and payment by the due date will satisfy this debt with the current creditor.

In the correspondence, LTD expressly disclaimed litigation, informed the least sophisticated consumer that the debt is time barred and notified the least sophisticated consumer about the potential effects of a partial payment. All of which is consistent with language crafted and mandated by federal regulatory settlements and in accordance with 5th Circuit precedent. *See Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 513 (5th Cir. 2016); *United States v. Asset Acceptance LLC*, No. 8:12-CV-182-T-27-EAJ (M.D. Fla. 2012); *Portfolio Recovery Assocs, LLC*, 2015 CFPBSTIP 0023, 2015 WL 5667146 (Sept. 9, 2015); and *In re Encore Capital Grp. Inc., et al.*, 2015 CFPBSTIP 0022, 2015 WL 5667145 (Sept. 9, 2015).

The Amended Complaint not only fails on the merits, but fails to plead all elements of its causes of action, including failing to plead facts to support that the obligation is a consumer debt

as defined by the FDCPA and failing to plead actual damages as required by the TDCA. Finally, the Amended Complaint fails to meet the pleading standards of Rule 8.[1]

For the reasons set forth herein, LTD respectfully request that this Court dismiss the plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

## II. FACTS

Plaintiff alleges that defendant Advantage Assets II, Inc. purchases charge off consumer credit accounts, including the outstanding balance alleged in the correspondence sent March 3, 2017 by LTD to plaintiff. *See* **Exhibit A** to the Amended Complaint, which is attached herein ("March 2017 Letter"). The plaintiff does not allege that he owes the obligation which is referenced in the March 2017 Letter (the "Obligation"), instead he just states that the March 2017 Letter asserts that he is obligated to pay the Obligation. See Amended Complaint at ¶29. The March 2017 Letter states in relevant part:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. The right to sue you to make you pay the debt may start again if you make a partial payment on the debt, admit to owing the debt or promise to the pay the debt. Acceptance of this settlement offer, selecting a repayment option and payment by the due date will satisfy this debt with the current creditor.

Plaintiff commenced the current class action alleging the above language violated §§ 1692e and 1692f of the FDCPA for alleging misleading the time barred nature of the account and for

---

[1] In ¶55 and ¶57 of the Amended Complaint, plaintiff asserts that the correspondence failed to inform the least sophisticated consumer that LTD and/or Advantage Assets II, Inc., would issue a 1099-C and generally failed to inform that there may be tax consequences if settlement was accepted. Other than these 2 paragraphs, plaintiff makes no other allegations of claims with regard to purported tax consequences. Therefore, it is unclear if plaintiff is alleging a violation of the FDCPA or the TDCA in regards to the failure to disclose potential tax consequences in the correspondence. To the extent, plaintiff is asserting such a claim, LTD will address this issue in the Motion to Dismiss.

failing to disclose the legal enforceability of account. In addition, plaintiff asserts violations of Texas Finance Code §§392.301(a)(8), 392.304(a)(8) and 392.304(a)(19).

### III. STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a Amended Complaint should not be dismissed "unless it appears certain that [plaintiff] can prove no set of facts that would support his claim and would entitle him to relief." *Smith v. Sydnor*, 184 F.3d 356, 361 (4th Cir. 1999). The Court must accept all of the Amended Complaint's well-pleaded allegations as true and view them in the light most favorable to the plaintiff. *Id.* at 361. However, that requirement applies only to facts, not to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In addition, "if the well-pled facts do not permit the court to infer more than the mere possibility of misconduct, the Amended Complaint has alleged - but it has not 'show[n]' - that the pleader is entitled to relief." *Id.* at 1950. Particularly where potentially costly discovery is concerned, "factual allegations must be enough to raise a right of relief above the speculative level, on the assumption that all of the allegations in the Amended Complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Accordingly, the Supreme Court has held that to satisfy the pleading requirements of Fed. R. Civ. P. 8(a), a Amended Complaint must include a plausible statement of the claim showing that the pleader is entitled to relief and providing the defendant with fair notice of "what . . . the claim is and the ground upon which it rests." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 557. Rather, "only a Amended Complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (emphasis added).

### IV. ARGUMENT

Plaintiff's Amended Complaint must be dismissed because:

(i) Plaintiff failed to plead facts sufficient to support that (a) he is a "consumer" as defined in the FDCPA, or (b) LTD was attempting to collect a "debt" as defined by the FDCPA. Both of which are required to maintain a action for violation of the FDCPA.

(ii) Plaintiff failed to meet the pleading requirements of Rule 8, by failing to plead which conduct allegedly violated what specific sections of the FDCPA, including the sub-section of §1692(e), and the TDCA.

(iii) The March 2017 Letter was not false, misleading, or deceptive because it disclosed the time barred nature of the Obligation and the unenforceability of the debt.

(iv) Plaintiff has failed to allege actual damages a required element of a TDCA claim.

(v) LTD was not required to inform plaintiff or any least sophisticated consumer whether taxes would be owed on any forgiveness of debt.

**A. Plaintiff has failed to plead facts sufficient to support a violation of the FDCPA.**

To prevail on claims against a debt collector under the FDCPA, a plaintiff must show that "'(1) he has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector [as] defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Shular ex rel. Situated v. LVNV Funding LLC* (S.D. Tex., 2016) (quoting *Hunsinger v. SKO Brenner American, Inc.*, Civil Action No. 3:13-cv-0988-D, 2014 WL 1462443, at *3 (N.D. Tex. April 15, 2014) (quoting *Browne v. Portfolio Recovery Associates*, Civil Action No. H-11-2869, 2013 WL 871966, at *4 (S.D. Tex. March 7, 2013))). The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such

obligation has been reduced to judgment. 15 U.S.C. § 1692a(5). The term "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692(a)(3).

Therefore, in order to plead a plausible claim for violation of a FDCPA, plaintiff must plead facts that he is obligated or allegedly obligated to pay an obligation that arose out of a transaction primarily for personal, family or household purposes. Moreover, statements unsupported by any facts are mere legal conclusions and do not satisfy the pleading requirements of Federal Rule of Civil Procedure 8. S*ee Sanon-Lauredant v. LTD Financial Services, L.P.* No. 15-cv-6529, 2016 WL 3457010 (D.N.J. June 22, 2016); P*owell v. Aldous & Assocs., P.L.L.C.* (D.N.J., 2018); H*ennings v. Alltran Fin., LP* (E.D. Wis., 2017) and *Major v. Kochalski* (E.D. Pa., 2016). See also *Vaquero v. Frederick J. Hanna & Assocs., P.C.*, No. 13-cv-641, 2013 WL 5947011 (D.N.J.Page 7 Nov. 6, 2013) (finding that the sole allegation that "Defendant sought to collect from [Plaintiff] a debt allegedly due to [Chase Bank] arising from transactions incurred for personal, family, or household purposes" did not satisfactorily plead the existence of a debt under the FDCPA).

In this instant case, the plaintiff has failed to plead facts sufficient to support the reasonable inference that the plaintiff is a consumer as defined by the FDCPA or that the Obligation is a debt as defined by the FDCPA. Instead of providing facts the plaintiff states, "[o]n information and belief, the alleged Debt arises from one or more transactions primarily for personal, family or household purposes." See Amended Complaint at ¶30 (emphasis added). In the Amended Complaint, plaintiff attempts to bolster his argument by adding additional text to this section. See Amended Complaint at ¶28 and ¶29. Unfortunately, the additional text fails to provide any additional facts to support that plaintiff is a consumer. Instead the additional paragraphs state that

6

it "may be an obligation" and that certain facts are "inferred form the information of the Letter." Both of these statements are essential a re-wording of "upon information and belief." *Id.*

The mere fact that someone believes something to be true does not create a plausible inference that it is true. *See, e.g., Twombly,* 550 U.S. at 551, 127 S.Ct. 1955 (finding a Amended Complaint insufficient even though it said, "Plaintiffs allege upon information and belief that [defendants] have entered into a contract, combination or conspiracy to prevent competitive entry...."); *16630 Southfield Ltd. P'ship v. Flagstar Bank,* 727 F.3d 502, 506 (6th Cir.2013) (finding a series of "upon information and belief" claims insufficient, because the plaintiffs "have merely alleged their 'belief' ").

A plaintiff in support of its claim may allege "upon information and belief facts that are peculiarly within the possession and control of the defendant." *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 120 (2d Cir. 2010). Conversely, the plaintiff should not allege upon information and belief matters that are presumptively within its personal knowledge, unless it rebuts the presumption. *See Sanders v. Grenadier Realty, Inc., 367 F. App'x. 173, 177 n.2 (2d Cir. 2010).*

In the instant case the plaintiff has alleged facts solely within its personal knowledge are "upon information and belief." Clearly, whether the Obligation arose out of a transaction primarily for personal, family or household purposes is within the plaintiff's personal knowledge. The fact that the plaintiff is unable to plead facts that the Obligation arose out of a transaction primarily for personal, family or household purposes with actual knowledge creates an inference that plaintiff is not a consumer as defined by the FDCPA.

Because plaintiff has failed to allege facts sufficient to infer that the plaintiff is a consumer as defined by the FDCPA, the plaintiff's Amended Complaint must be dismissed for failure to plead a claim in which relief can be granted.

7

### B. Plaintiff failed to meet the pleading requirements of Rule 8.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard under Rule 8 does not require "detailed factual allegations," but it demands more than an unadorned accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement. *Id.* 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. A claim has facial plausibility when plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged. *Id.* at 556. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

Plaintiff's Amended Complaint still does not meet Rule 8(a)(2) pleading standards. The Amended Complaint includes (i) various background allegations; (ii) excerpts from the March 2017 Letter, (iii) legal or factual conclusions regarding the excerpts, (iv) legal argument and citation; and then (v) provides a formulaic recitation of the elements of the cause of action. The Amended Complaint does not link any facts to the alleged violations of the FDCPA. Nor, does is it provide how any of the alleged facts violated the FDCPA, including §§1692e and 1692f. Moreover, the Amended Complaint fails to allege which subsets of §1692e were allegedly violated.

Plaintiff's failure is comply with Rule 8 is highlighted by ¶55 and ¶57 of the Amended Complaint[2], which include random allegations regarding the failure to inform the least sophisticated consumer there may be tax consequences. At no point in the Amended Complaint are these paragraphs tied to any other allegations or claims. Specifically, the definition of the class, does not include any reference to the allegations set forth in ¶55 and ¶57. *See* Amended Complaint at Section V. Under both Count One and Count Two in the Amended Complaint, plaintiff merely states that factual allegations are incorporated and then provides a formulaic recitation of the elements of the cause of action. Leaving defendant, after ciphering through the conclusory statements and legal citations, to ponder and assume how and which of the alleged facts purport to support either Count One or Count Two.

Because the Amended Complaint fails to meet the pleading standards of Rule 8, it must be dismissed.

### C. The March 2017 Letter did not violate the FDCPA.

The FDCPA was enacted:

> to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. §1692(k). The FDCPA bars debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C

---

[2] The Amended Complaint includes new conclusory statement on the 1099 issue, but fails to include any factual allegations. Moreover, the additional statements are false, without any basis in law or fact and inflammatory. LTD intends to seek sanctions against plaintiff and his counsel once it has proved that the allegation are false and that plaintiff and his counsel knew they were false when the allegations were included in the Amended Complaint.

§1692e. Section 1692e furnishes a nonexclusive list of prohibitive practices, which includes falsely representing the character, amount, or legal status of any debt, § 1692e(2)(A), and threatening to take any action that cannot legally be taken, §1692e(5).[3] §1692f of the FDCPA also prohibits debt collectors from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt."

When evaluating whether a collection letter violates §1692e or §1692f, a court must view the letter from the perspective of an "unsophisticated or least sophisticated consumer." *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 669 (5th Cir. 2012) (quoting *Goswami v. Am. Collections Enter.*, 377 F.3d 488, 495 (5th Cir. 2004)). The court must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *Goswami*, 377 F.3d at 495. At the same time, however, the unsophisticated consumer is not one "tied to the 'very last rung on the [intelligence or] sophistication ladder.'" *Id.* (alteration in original) (quoting *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997)). The standard "also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Kistner Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008).

In Texas, statute of limitations is not a bar to collect on debt, but it is an affirmative defense that must be asserted by the defendant in a court action. The FDCPA does not specifically require a debt collection to disclose the time barred nature of a debt. Nor is it a

---

[3] Since plaintiff did not plead to any specific violation under §1692(e), LTD is left to assume which subset of §1692(d) were allegedly violated. The failure to clearly identify what actions allegedly violated what specific sub-section of §1692(e) reinforces the failure of plaintiff to properly plead a claim for which relief can be granted.

violation of the FDCPA to collect on time-barred debt. This is in part because while a statute of limitations prohibits bringing an action to collect a debt; it does not extinguish the debt. *Fievel v. Zuber*, 3 S.W. 273, 274 (Tex. 1887); *Miller, Hiersche, Martens & Hayward, P.C. v. Bent Tree Nat'l Bank*, 894 S.W.2d 828, 829-30 (Tex. App. – Dallas 1995, no writ); *Johnson v. Capital One Bank*, 2000 U.S. Dist. LEXIS 13311 (W.D. Tex. 2000)(unpublished)("a statute of limitations bar applies only to judicial remedies; it does not eliminate the debt.").

The 5th Circuit has held that a collection letter seeking payment on a time-barred debt but offering a "settlement" and inviting partial payment only constitutes a violation of the FDCPA, if the letter **does not disclose** the debt's unenforceability or the possible pitfalls of making the partial payment. *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d at 513 ("Accordingly, we agree that a collection letter seeking payment on a time-barred debt (without disclosing its unenforceability) but offering a "settlement" and inviting partial payment (without disclosing the possible pitfalls) could constitute a violation of the FDCPA").

*1. The March 2017 Letter discloses the time barred nature of Obligation.*

The language in the March 2017 Letter discloses the time barred nature of the Obligation:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. The right to sue you to make you pay the debt may start again if you make a partial payment on the debt, admit to owing the debt or promise to the pay the debt. Acceptance of this settlement offer, selecting a repayment option and payment by the due date will satisfy this debt with the current creditor.

*See* **Exhibit A** (*emphasis added*). The first two sentences use the language crafted by the Federal Trade Commission ("FTC") and the Consumer Financial Protection Bureau ("CFPB") for use in collection letters seeking collection of time-barred debt. See *United States v. Asset Acceptance LLC*, No. 8:12-CV-182-T-27-EAJ (M.D. Fla. 2012); *Portfolio Recovery Assocs, LLC,*

2015 CFPBSTIP 0023, 2015 WL 5667146 (Sept. 9, 2015); *In re Encore Capital Grp. Inc.*, et al., 2015 CFPBSTIP 0022, 2015 WL 5667145 (Sept. 9, 2015).

The March 2017 Letter clearly discloses that the Obligation is time barred. Therefore, the March 2017 Letter did not misrepresent the legal status of the debt and the Motion to Dismiss should be granted.

### *2. The March 2017 Letter discloses that plaintiff will not be sued.*

Plaintiff seems to make a distinction between LTD stating that it will not sue versus stating that it cannot sue. Similarly, relying upon the conclusory statement that "we" as used in the second sentence of the disclosure, refers only to LTD and not AAII, plaintiff alleges that the March 2017 Letter "falsely implies" that the plaintiff might be sued by AAII. See Amended Complaint at ¶37 and ¶46. Despite the allegations, the FDCPA does not require that LTD disclose that a consumer "cannot" be sued. Instead, the 5th Circuit only requires that a collection letter on a time barred debt disclose that the debt is unenforceable. *Daugherty v. Convergent Outsourcing,* Inc., 836 F.3d at 513. LTD clearly disclosed the debt was unenforceable by stating "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it." Moreover, only a bizarre or idiosyncratic interpretation of this sentence would allow for the conclusion that LTD or AAII are threatening to sue. Finally, plaintiff fails to demonstrate how specifically and clearly disclaiming litigation by advising "we will not sue you" could deceive plaintiff into believing that he would be sued. Clearly, LTD is not threatening to take action that cannot legally be taken – LTD clearly states it will not sue.

But even if the language: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it." does not disclose the unenforceability of the debt, which it does, the next sentence provides additional disclosure: "**The right to sue you to make**

<u>**you pay the debt may start again**</u> if you make a partial payment on the debt, admit to owing the debt or promise to the pay the debt." *See* **Exhibit A** (*emphasis added*). When read together, it is clear that unenforceability of the debt was disclosed.

Because the March 2017 Letter discloses the unenforceability of the debt in accordance with the FDCPA and 5th Circuit precedence, the Amended Complaint should be dismissed.

**D. Plaintiff has failed to plead facts sufficient to support a TDCA claim.**

Plaintiff failed to allege actual damages as required for a TDCA claim. The TDCA prohibits debt collectors from using threats, coercion, or other wrongful practices in the collection of consumer debts. See *Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986). In order to state a claim under the TDCA, plaintiffs must show: (1) the debt at issue is a consumer debt; (2) defendants are debt collectors within the meaning of the TDCA; (3) defendants committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against plaintiffs; and (5) <u>plaintiffs were injured as result of defendants' wrongful act</u>. See TEX. FIN. CODE §§ 392.001 et. seq. *(emphasis added)*.

To prove an action for violation of the TDCA, a plaintiff must prove that he suffered an actual, foreseeable injury due to the defendant's conduct. See TEX. FIN. CODE §392.403(a)(2); *Brown*, 718 S.W.2d at 680. The Texas Supreme Court has not defined the scope of § 392.403(a), but "the rule suggested by [Texas] cases and supported by a plain reading of the statutory text is that persons who have sustained actual damages from a TDCA violation have standing to sue." *McCaig v. Wells Fargo Bank (Tex.), N.A.*, 788 F.3d 463, 473 (5th Cir. 2015) (citing §382.403(a)). Actual damages are those damages recoverable under common law, such as direct or consequential damages. *Alanis v. US Bank Nat'l Ass'n*, 489 S.W.3d 485, 512 (Tex. App—Houston [1st Dist.]

2015, pet. denied) (citing *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 816 (Tex. 1997)).

There is no allegation of actual damages plead in regards to the TDCA claim, not even a threadbare recitals of the element is included. Because plaintiff failed to allege damages in relation to its TDCA claim, plaintiff's TDCA claim must be dismissed.

In addition, for the reasons set forth in Section C above, plaintiff's TDCA claim must be dismissed for failing to state a claim for which relief can be granted.[4]

### E. Plaintiff is not required to disclose tax consequences in the March 2017 Letter.

Plaintiff includes 3 random paragraphs regarding the alleged failure to inform the least sophisticated consumer that a 1099-C will be issued or that there may be tax consequences if the settlement option is accepted. Amended Complaint at ¶55 and ¶57. Courts confronted with this argument have uniformly held that debt collectors have no obligation under the FDCPA to disclose tax consequences for debt forgiveness. The Second Circuit has held that it is not a violation of the FDCPA to omit possible tax consequences when collecting on a debt. *Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191 (2nd Cir., 2015). Because there is no obligation to inform the least sophisticated consumer about the potential tax consequences when collecting a debt, this claim, if it exists, must be dismissed. Further plaintiff's false statements[5] regarding LTD's position in another case is irrelevant as to whether the failure to include tax disclosure language is an FDCPA violation. Amended Complaint at ¶55. These statements are not facts

---

[4] The conduct prohibited under the TDCA is coextensive with that prohibited under the FDCPA, at least insofar as "[t]he same actions that are unlawful under the FDCPA are also unlawful under the TDCA." *Gomez v. Niemann & Heyer, L.L.P.* (W.D. Tex., 2016) (citing *Bullock v. Abbott & Ross Credit Services, L.L.C.*, No. A-09-CV-413, 2009 WL 4598330, at *2 n.3 (W.D. Tex. Dec. 3, 2009)).

[5] See FN 2.

14

within the plaintiff's knowledge, are not relevant to the current allegations and are high false and inflammatory.

### F. <u>CONCLUSION</u>

Although the statute of limitation may prevent suing on a debt, the debt still exists and the debtor is under a moral obligation to discharge the debt. There is no prohibition under the FDCPA against offering to settle debts that are barred by limitations, as long as disclosure of the enforceability of the debt is disclosed and there are no threats to take action that cannot legally be taken. The March 2017 Letter did not violate the FDCPA or the TDCA, it disclosed the unenforceability of the Obligation. This suit is not about protecting the consumer, but about the plaintiff's bar fabricating claims to create more attorney fees and easy settlements. In which case, the plaintiff's counsel should be required to plead all elements of its claims in accordance with the Federal Rules of Civil Procedure.

Because plaintiff Amended Complaint fails to procedural provide a claim which relief can be granted and substantively fails to plead a claim in which relief can be granted, the Amended Complaint must be dismissed.

Respectfully submitted,

**LTD FINANCIAL SERVICES, L.P.**

**DATED: July 6, 2018**

/s/ Sondra Jurica
Sondra Jurica, 24032486
LTD Financial Services, LP
3200 Wilcrest, Suite 600
Houston, Texas 77074
(713) 414-2100 x 2158
(713) 414-2120 (FAX)
Sondra.jurica@ltdfin.com
*General Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2018, a true and accurate copy of the foregoing was filed with the Clerk of Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ Sondra Jurica
Sondra Jurica, 24032486
S.D. Tex. Bar No. 37020
LTD Financial Services, LP
3200 Wilcrest, Suite 600
Houston, Texas 77074
(713) 414-2100 x 2158
(713) 414-2120 (FAX)
Sondra.jurica@ltdfin.com
*General Counsel for Defendant*